IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 12,2001 Session

## DAVID JONATHAN TULIS v. MIKE GREENE, Commisioner, Department of Safety

**A Direct Appeal from the Chancery Court for Davidson County**
**No. 00-792-I    The Honorable Irvin H. Kilcrease, Jr.,**

---

**No. M2000-02844-COA-R3-CV - Filed October 2, 2001**

---

This is an appeal from the trial court's order dismissing a petition for review of a final agency decision of the Tennessee Department of Safety affirming the denial of petitioner's driver's license renewal. The chancery court affirmed the Order of the Department of Safety denying the application for renewal. Petitioner has appealed. We affirm.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

David Jonathan Tulis, Pro Se

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Michael A. Meyer, Enforcement Division, Nashville, For Appellee

### OPINION

In April of 1999, Appellant David Jonathan Tulis ("Mr. Tulis") received a notice of driver's license renewal from the Tennessee Department of Safety (the "Department"). On April 29, 1999, Mr. Tulis attempted to renew his driver's license without providing his social security number on the application, but the license examiner refused the application. On August 25, 1999, Mr. Tulis petitioned the Department for a declaratory order challenging the validity of the statute governing Tennessee driver license applications, and requesting that his driver's license be renewed.

The Department of Safety held an evidentiary hearing in this matter on December 3, 1999, and on January 12, 2000, the hearing officer entered an order denying Mr. Tulis' application. The hearing officer found that requiring an individual to give a social security number in order to obtain a driver's licence was constitutional, and that Mr. Tulis had failed to present evidence of a successful revocation of his social security number. Mr. Tulis sought judicial review of the Department of

Safety's Order, and on August 30, 2000, Chancellor Irwin H. Kilcrease, Jr. affirmed the denial of Mr. Tulis' application.

Mr. Tulis appeals and presents three issues which we perceive to be: (1) Whether the trial court erred in finding material evidence to support the Department of Safety's denial of Mr. Tulis' driver's license renewal; (2) Whether the trial court erred in finding the hearing examiner applied the proper constitutional analysis; and (3) Whether the trial court erred in finding that Mr. Tulis had not rescinded his social security number. For the reasons below, we affirm the Order of the trial court and hold that there is ample material evidence to support the Department of Safety's denial of Mr. Tulis' application, and that the denial was constitutional under the laws of the State of Tennessee and the United States.

The Chancellor's review of the Department of Safety's Order in this matter is governed by T.C.A. § 4-5-322(h) (1998), which sets forth the standard of review on appeal of administrative proceedings as follows:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.
>
> In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

*Id.*

This Court's scope of review is the same as in the trial court: to review the findings of fact of the administrative agency upon the standard of substantial and material evidence. *See DePriest v. Puett*, 669 S.W.2d 669 (Tenn. Ct. App.1984). Although T.C.A. § 4-5-322 does not clearly define "substantial and material" evidence, courts generally interpret the requirement as requiring "something less than a preponderance of the evidence, but more than a scintilla or glimmer." *Wayne County v. Tennessee Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 280 (Tenn. Ct. App. 1988)(citations omitted).

While this Court may consider evidence in the record that detracts from its weight, the court is not allowed to substitute its judgment for that of the agency concerning the weight of the evidence. *See* T.C.A. § 4-5-322(h); *Pace v. Garbage Disposal Dist.*, 390 S.W.2d 461, 463 (Tenn. Ct. App. 1965). The evidence before the tribunal must be such relevant evidence as a reasonable mind might accept as adequate to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration. *See Pace*, 390 S.W.2d at 463.

We first address the constitutional analysis of the social security number requirement. In Tennessee, the issuance of driver's licenses is governed by T.C.A. § 55-50-321.[1] In *State v. Loudon*, 857 S.W.2d 878 (Tenn. Crim. App. 1993), the Tennessee Court of Criminal Appeals upheld the constitutionality of an earlier version of the same statute[2] requiring that individuals renewing their Tennessee driver's license provide the Department of Safety with their social security number. We agree with the reasoning of the Criminal Court of Appeals:

---

[1]That statute provides, in relevant part:

> (c)(1) Every application shall state the full name, date and place of birth, sex, county of residence, residence address, including the street address and number or route and box number (or post office box number if the applicant has no bona fide residential street address) of applicant, height, weight, hair and eye color, social security number, and whether any such license has ever been suspended or revoked, or whether an application has ever been refused, and, if so, the date of and reason for such suspension, revocation, or refusal, and such other information as the department may require to determine the applicant's identity, competency, and eligibility. The information regarding the applicant's social security number shall be maintained in the records of the department of safety for use as required by any provisions of state or federal law relative to child support establishment or enforcement or for such other purposes as may be required by law. If the department allows the use of a number other than the social security number on the face of the license, and the social security number obtained on the application is kept on file with the department, the department shall so advise the applicant.

T.C.A. § 55-50-321(a)(1) (Supp. 2000).

[2]At the time the plaintiff in *Loudon* refused to provide his social security number to the Tennessee Department of Safety, T.C.A. § 55-50-321(c)(1) read:

> (c)(1) Every application shall state the full name, date, and place of birth, sex, county of residence, residence address including the street address and number or route and box number (or post office box number if the applicant has no bona fide residential street address) of applicant, height, weight, hair and eye color, social security number, and whether any such license has ever been suspended or revoked, or whether an application has ever been refused, and, if so, the date of and reason for such suspension, revocation, or refusal, and such other information as the department may require to determine the applicant's identity, competency, and eligibility.

T.C.A. § 55-50-321(c)(1) (West 1990).

The citizens of this State should not be permitted the right of refusal to comply with a neutral law of general applicability that is not aimed at the promotion or restriction of religious convictions. If such were the case, the proposed doctrines of religious belief would become superior to the laws of this State. Moreover, citizens would become a law unto their selves because they would only comply with the laws and statutory regulations of their choice. Citizens could refuse to comply with the balance of the laws and statutory regulations on the ground the laws either promoted or restricted religious convictions. This would create chaos in every agency responsible for enabling or enforcing laws.

Requiring a social security number to appear on the face of a driver's license is a neutral law of general applicability; and it is not aimed at the promotion or restriction of religious convictions. In addition, it has a very valid purpose. A law enforcement or other agency can make an accurate identification of the person who has been issued the license. More particularly, law enforcement officers can determine whether a particular driver has an outstanding warrant, has a prior criminal record, or is wanted by a law enforcement agency for questioning regarding the commission of a criminal offense. Such specificity of identification is also beneficial to the driver. It prevents a misidentification and possible confinement until the misidentification is actually discovered by a law enforcement agency.

The statutory provisions which required every applicant for a new driver's license or the renewal of a valid license to furnish the Department of Safety with his or her social security number passes Tennessee constitutional muster. . .

*Loudon*, 857 S.W.2d at 883. We agree with the Court of Criminal Appeals' rationale and hold that T.C.A. § 55-50-321 is constitutional.

Appellant argues that *Loudon* applied a lower level of constitutional protection or "rational basis" analysis, and that the higher "strict scrutiny" analysis the United States Supreme Court has applied in Free Exercise of Religion cases such as *Sherbert v. Verner*, 374 U.S. 398, 402 (1963) is proper in this case. Under the strict scrutiny analysis, Appellant explains, the Hearing Officer should have permitted the filing of a driver's license renewal application without a social security number. However, Appellant overlooks the fact that the *Loudon* Court, citing the Missouri case of *Penner v. King*, 695 S.W.2d 887 (Mo. 1985), found that the social security number requirement met even the heightened "strict scrutiny" constitutional analysis. *See* 857 S.W.2d at 882. The Court of Criminal Appeals wrote:

Assuming *arguendo* that *Sherbert* applies in this case, the appellant is not entitled to an exemption from the applicable statute. There is a compelling state interest which justifies the statutory requirement that the driver's social security number appear on the face of the license issued by the Department of Safety. ***Penner v. King***, 695 S.W.2d 887 (Mo.1985) (en banc).

In ***Penner***, a case strikingly similar to the case at bar, a state statute required in part that "[a]ll [driver's] licenses shall bear the licensee's social security or tax identifying number, if the licensee has one, and if not, then a number assigned to the licensee by the director...." The appellants were denied driver's licenses when they refused to provide their social security numbers to the state agency authorized to issue a driver's license. The appellants refusals were likewise predicated upon the "mark of the beast" biblical provisions. In holding that the agency properly refused to issue licenses to the appellants, the court said:

> The Court ... is obliged to uphold legislative enactments, when challenged on constitutional grounds, unless the unconstitutionality is clearly demonstrated. The legislative power is plenary and residual, subject only to the limits of the federal and state constitutions.... This Court, therefore, must uphold a statute if there is any valid basis on which the legislature could have acted. It is no light matter to strike down an enactment of the people's representatives, or to excuse a particular person from compliance with a statute of general application.

> \* \* \* \* \* \*

> We have no difficulty in perceiving the purpose behind the legislative requirement. The automobile dominates our society and our economy. Motor vehicle operators are properly subject to competency examination and licensing. The identification of the operator is important. The social security number serves to distinguish a person from others with the same or similar names. The disclosure, then, might inhibit a person in obtaining or using a license fraudulently or improperly. The legislation scheme might be impeded if persons could simply opt out by

asserting religious inhibitions. The director acted properly in denying an individual exemption to the defendants.

The state may justify an inroad on religious liberty by showing that the regulation is the least restrictive means of achieving a compelling state interest.... Even if the requirement that a license show a social security number be considered an inroad, the state has shown ample justification. It is important for the state to identify drivers and to learn about a person's driving record in other states. To keep dangerous drivers off the road, driver's licenses may be denied to those who have bad driving records elsewhere. ***The use of the social security number provides the most efficient method of locating interstate driving records. It is apparent that the state has a compelling interest and no less restrictive means for accomplishing its purpose. The infringement on appellants' religious beliefs is justified.***

> 695 S.W.2d at 888-890. (Citations omitted).

***Loudon***, 857 S.W.2d at 882 (emphasis added). For these reasons, we believe the social security requirement is constitutional under even the most rigorous analysis.

Having determined the constitutionality of the social security number requirement, we turn next to the question of whether Mr. Tulis effectively "revoked" or "rescinded" his social security number and would therefore not be required to provide his social security number in order to renew his driver's license.

Federal law requires states to place the social security number of "any applicant for a professional license, driver's license, occupational license, recreational license, or marriage license" on the license application. 42 U.S.C. § 666(a)(13)(A) (West Supp. 2001). There are several exceptions to the social security number requirement: the religious exemption and the exemption for legal aliens who are unable to obtain a social security number. ***See*** Tenn. Op. Atty. Gen. No. 99-132 (July 7, 1999). 26 U.S.C. § 1402(g) provides the vehicle by which a religious objector to Social Security can obtain an exemption:

(g) Members of certain religious faiths.--

(1) Exemption.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed

-6-

by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old- age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by--

    (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence,

    (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person,

and only if the Commissioner of Social Security finds that--

    (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence,

    (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and

    (E) such sect or division thereof has been in existence at all times since December 31, 1950.

26 U.S.C. § 1402(g) (Supp. 2001).

In this case, there is no evidence that Mr. Tulis satisfied the requirements for a religious exemption under federal law. First, Mr. Tulis presented no evidence at the initial hearing in this matter that he made any attempt to comply with the requirements of 26 U.S.C. § 1402(g) concerning the filing of an application for a religious exemption. Mr. Tulis did present evidence that he mailed a copy of an "Affidavit of Revocation and Rescission" to the Secretary of the Department of the Treasury in 1996, in which he explained why he believed the Social Security system to be unjust. However, there appears to be nothing contained in the Affidavit that would indicate it complies with the legal requirements for an exemption under 26 U.S.C. § 1402(g). Even assuming, *arguendo*, that

the Affidavit did meet the requirements under 26 U.S.C. § 1402(g), Mr. Tulis presented no evidence that the Commissioner of the Social Security Administration ever granted such an exemption.

Mr. Tulis contends that, notwithstanding the provisions of this statute, his unilateral action effectively rescinded his "contract" with the social security administration. Although we disagree with Mr. Tulis's legal conclusion, we note that his argument is also misguided based upon his position in the trial court. Both T.C.A. § 55-50-31 and 42 U.S.C. § 666 (a)(13)(A) require the placing of social security number on the subject application. Mr. Tulis admitted to the trial court that his social security number has never been rescinded. We quote from the record:

> THE COURT: Did the Social Security Administration reply to your request to rescind your social security number?
>
> MR. TULIS: If I might answer a slightly different question.
>
> THE COURT: No. I don't know a different question; I just want that one.
>
> MR. TULIS: *I did not attempt to rescind the number; the number cannot be rescinded*, Your Honor. A contract can be rescinded. The number is simply the evidence of a contract that existed prior to --
>
> THE COURT: So the answer to my question is no, you have not.
>
>            *           *           *
>
> MR. TULIS: . . . Again, it was not rescission of a number, Your Honor; it was the rescission of a contract. The contract was the thing that got me into social security by my parents, apart from my willingness and knowledge, when I was about one year old.

Emphasis added.

The record reveals that there is substantial and material evidence supporting the administrative decision. For the foregoing reasons, we affirm the order of the trial court that affirmed the Commissioner's order denying petitioner's application for a driver's license and dismissing the petition for review. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, David Jonathan Tulis, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

-8-