MARIE CRUMP,

      Plaintiff/Appellant,

Appeal No.
v.
M1999-02677-COA-R3-CV

THE TENNESSEE CIVIL SERVICE
Davidson Chancery
COMMISSION and THE TENNESSEE
DEPARTMENT OF MENTAL
HEALTH and MENTAL
RETARDATION,

      Defendants/Appellees.

No. 97-3372-III

**FILED**

**February 29, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

FRANK J. SCANLON
Watkins, McGugin, McNeilly & Rowan
214 Second Avenue North, Suite 300
Nashville, Tennessee 37201
      ATTORNEY FOR PLAINTIFF/APPELLANT


PAUL G. SUMMERS
Attorney General and Reporter

MARY M. COLLIER
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, Tennessee 37243
      ATTORNEYS FOR DEFENDANTS/APPELLEES

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

O P I N I O N

This is an appeal from an administrative termination under the UAPA.
*See* Tenn. Code Ann. §4-5-101 et seq. (1998). Prior to her termination on July

24, 1995, Ms. Marie Crump was employed by the Tennessee Department of Mental Health and Mental Retardation in its Cloverbottom Development Facility. Her termination stemmed indirectly from an altercation resulting from a notation on Ms. Crump's timecard. On July 6, 1995, Ms. Crump reported for work at Cloverbottom for a regular shift commencing around 3:00 p.m. Her time card bore a notation on the back stating "no work for July the 4th". This meant Ms. Crump had been scheduled to work on July 4th but did not show up and did not provide any reason or excuse for being absent. Apparently, Ms. Crump was originally scheduled to be off work on July 4th and 5th but rescheduled to be off on July 5th and 6th. Ms. Crump was unaware of the change and did not show up for work on July 4th. Ms. Crump became very upset about the notation on the time card because it indicated she had intentionally stayed off the job without any good reason. She went immediately to her supervisor, Ms. Linda Mangrum, to explain and prevent disciplinary action from being taken. Ms. Mangrum told Ms. Crump she could not attend to the matter at that time and would speak with her later. Ms. Crump left but returned in a few minutes and asked Ms. Mangrum to address the situation. Again Ms. Mangrum chose to defer the matter. Ms. Crump became angered and shouted at Ms. Mangrum "f— you, bitch" and departed the premises.

When Ms. Crump reported for work on July 7, 1995, she was instructed to see Mrs. Dorothy Eddings who was the superior of Ms. Mangrum and was supported living facilitator for Cloverbottom. Ms. Crump met with Mrs. Eddings prior to the beginning of her shift. Mrs. Eddings told Ms. Crump that she intended to recommend that Ms. Crump be terminated. At this point a dispute arose between the testimony of Mrs. Eddings and Ms. Crump. Mrs. Eddings testified that she was careful to explain to Ms. Crump that she was only making a recommendation and encouraged Ms. Crump to remain on the job for two weeks until the recommendation could be acted upon. Ms. Crump denied that Mrs. Eddings stressed that she was only making a recommendation but rather that she was in fact firing Ms. Crump and giving her a two week grace period. After this meeting Ms. Crump left Cloverbottom and never returned.

In a letter dated July 24, 1995, and signed by Ms. Margaret Lewis and Ms. Eddings, Cloverbottom informed Ms. Crump that she was terminated for leaving work without permission and conduct unbecoming an employee in state service. The letter further stated the following:

> This decision may be appealed under the State's grievance procedure, in which case notice of the grievance should be filed within fifteen (15) working days. Assistance

2

in filing an appeal may be received by contacting Alan McLeod, Employee Relations Officer, at extension 5125.

Ms. Crump pursued an appeal from the termination, and in March 19, 1997, a hearing was held before Administrative Law Judge Margaret Robertson. The ALJ issued her initial order affirming the termination on June 27, 1997. Thereafter the Civil Service Commission heard Ms. Crump's appeal from the ALJ's action, and on August 11, 1997, the commission adopted the initial order as a final determination. Ms. Crump sought judicial review of the commission's action in chancery court pursuant to the UAPA, Tennessee Code Annotated section 4-5-322. The court, by memorandum and order dated January 19, 1999, affirmed the action of the Civil Service Commission. From the chancellor's order Ms. Crump appeals to this Court, urging the following issues:

1. The administrative action complained of below is not supported by substantial material evidence;

2. Ms. Crump was not afforded the minimum due process as required by Tennessee Code Annotated section 8-30-331 and Tennessee Rules and Regulations Rule 1120-10-.03(2).

Ms. Crump has not persuaded this Court that the actions of the ALJ and the Commission are not supported by substantial and material evidence. In the proceeding before the ALJ, Ms. Crump admitted using foul and disrespectful language to her supervisor. The ALJ accepted the testimony of Mrs. Eddings in preference to the testimony of Ms. Crump as to what actually happened at the July 7, 1995 meeting. Ms. Crump left the meeting and the Cloverbottom premises before the end of her shift and never returned.

Our task is to determine whether or not "substantial and material evidence" appears in the record to sustain the judgment of the ALJ.

> In reviewing an administrative decision, a court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." T.C.A. § 4-5-322(h)(5). Factual issues are reviewed upon a standard of substantial and material evidence, and not upon a broad, de novo review. *CF Industries v. Tennessee Public Service Commission*, 599 S.W.2d 536, 540 (Tenn. 1980). Substantial and material evidence is " 'such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration.' " *Sweet v. State Tech. Institute at Memphis*, 617 S.W.2d 158, 161 (Tenn. App. 1981) (quoting *Pace v. Garbage Disposal District of Washington County,* 54 Tenn. App. 263, 390 S.W.2d 461, 463 (1965)). A court will not disturb a reasonable decision of an agency with expertise, experience, and knowledge in the

appropriate field. *Griffin v. State*, 595 S.W.2d 96, 99 (Tenn. Crim. App. 1980).

*Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984).

Clearly, the action of the ALJ was supported by "substantial and material evidence" and neither the trial court nor this court may "... substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Tenn. Code Ann. § 4-5-322(h)(1998).

Ms. Crump's claims concerning due process are equally infirm. She argues that her termination took place without notification of charges and an opportunity to be heard. *See* Official Comp. of Tenn. R. & Regs., R. 1120-10-.03(2);*See also* Tenn. Code Ann. § 8-30-331. Her assertions of due process violations could only be valid if the ALJ chose to believe the testimony of Ms. Crump in preference to the testimony of Mrs. Eddings. Clearly, she did not do so. Thus Ms. Crump had not been terminated as of the July 7, 1995 meeting with Mrs. Eddings, and indeed, no adverse employment action had been taken prior to July 24, 1995 when Ms. Crump was terminated and advised as to proper grievance procedure.

> The statute governing judicial review under the UAPA is plain:
>
> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.
>
> In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. §4-5-322 (1998). Ms. Crump has failed to show that any of these circumstances exist.

In such a case, the findings of fact and conclusions of law of the administrative tribunal should be and are affirmed in all respects. The cause is remanded for such further proceedings as may be necessary below. Costs on appeal are taxed against the appellant.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE


_____
PATRICIA J. COTTRELL, JUDGE