IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
On Remand from the Supreme Court of Tennessee on Opinion on Petition to
Rehear Filed December 8, 2000

# IN THE MATTER OF ALL ASSESSMENTS, REVIEW OF AD VALOREM ASSESSMENTS OF PUBLIC UTILITY COMPANIES FOR TAX YEAR 1998

## A Direct Appeal of Administrative Proceedings of the Tennessee State Board of Equalization

_____

### No. M2000-03014-COA-RM-CV - Filed April 11, 2001

_____

On remand from the Supreme Court, this Court was instructed to consider the factual issue of whether the action of the Board of Equalization reducing the appraised value of public utility tangible personal property for tax year 1998 caused the ratio of such property's appraised value to its market value to be equal to the ratio for tangible personal property within each local jurisdiction that is appraised and assessed by local taxing authorities. We find that there is substantial and material evidence to support the Board's action in reducing the appraised value for the tax year 1998 and that it resulted in an equal ratio for locally assessed personal property.

**Tenn.R.App.P. 12; Direct Review of Administrative Proceedings by the Court of Appeals; Order of the Tennessee State Board of Equalization Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Jeffrey D. Moseley, Franklin, For Appellant, Williamson County
Donnie E. Wilson, Robert B. Rolwing, Memphis, For Appellant, Shelby County
Jean Dyer Harrison, Nashville, Co-Counsel, Williamson County
Paul D. Krivacka, James Charles, Nashville, For Appellant Metropolitan Government of Nashville and Davidson County

Paul G. Summers, Attorney General and Reporter, Jimmy G. Creecy, Chief Special Counsel, Nashville, For Appellee, Tennessee State Board of Equalization
T. Arthur Scott, Jr., Suzanne S. Cook, Kingsport, for Appellee, Appalachian power Company and Kingsport Power Company
James W. McBride, Washington, D.C., Stephen D. Goodwin, Memphis, Brigid M. Carpenter, Nashville for Appellee, Coalition of Public Utilities

**OPINION**

This issue comes to us on remand from the Tennessee Supreme Court in a case we originally decided on August 20, 1999.[1] That case involved a direct appeal from an order of the Tennessee State Board of Equalization (the "Board" or "Appellees") which granted equalization relief to all centrally-assessed taxpayers on the basis of a settlement agreement (the "BellSouth Settlement") between the Metropolitan Government of Nashville and Davidson County, Shelby County, and Williamson County (collectively, "Petitioners" or "Appellants") and BellSouth Telecommunications, Inc. ("BellSouth"). The BellSouth Settlement, in turn, had its roots in the settlement resolution of a federal lawsuit filed by various railroad and air carriers against the Board. The federal action dealt with whether centrally and locally assessed commercial and industrial property was being assessed at the same ratio of appraised value to fair market value. Under the settlement in that case, the Board agreed to reduce the plaintiffs' personal property tax valuations for the tax years at issue as well as future tax years.

The end result of the BellSouth Settlement was that the Board, in order to comply with its statutory mandate to "[t]ake whatever steps. . .are necessary to effect the equalization of assessments," granted a 15% reduction in personal property valuations for the 1998 tax year to all public utilities and common carriers. *See* T.C.A. § 67-5-1501(b)(3) (1998). Appellants herein, Metropolitan Government of Nashville and Davidson County, Shelby County, and Williamson County, appealed the Board's decision to this Court. We reversed the Board's actions, and held that the Board was not authorized to reduce the valuation of taxable property below the fair market value of that property absent legislative authorization. *See In re: All Assessments*, C.A. No. 01A01-9812-BC-00642, slip op. at 13 (Tenn. Ct. App. Aug. 20, 1999). On appeal, the Tennessee Supreme Court reversed, holding that the Board did have the legal authority to reduce the appraised value. *See In re All Assessments*, 2000 WL 1710174, at *7 (Tenn. 2000). On a Petition to Rehear filed by Metropolitan Government of Nashville and Davidson County, Shelby County, and Williamson County, the Supreme Court remanded this case to us for determination of whether there was a factual basis for the Board's actions in reducing the appraised value. Specifically, the Court charges us with determining:

> whether the Board's action in reducing the appraised value of public utility tangible personal property for tax year 1998 caused the ratio of such property's appraised value to its fair market value to be equal to such ratio for tangible personal property within each local jurisdiction that is appraised and assessed by local taxing authorities.

*In re All Assessments*, 2000 WL 1800643, at *1 (Tenn. 2000).

---

[1] A detailed account of the facts in this case can be found in the "Factual and Procedural Background" portion of the opinion of the Tennessee Supreme Court. *See In re All Assessments*, 2000 WL 1710174, at *2 (Tenn. 2000).

Our analysis of the Board's action is governed by T.C.A. § 4-5-322(h) (1998), which sets out the standard of review of administrative proceedings as follows:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> > (1) In violation of constitutional or statutory provisions;
> > (2) In excess of the statutory authority of the agency;
> > (3) Made upon unlawful procedure;
> > (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> > *(5) Unsupported by evidence which is both substantial and material in the light of the entire record.*
>
> In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

(emphasis added). Although T.C.A. § 4-5-322 does not clearly define "substantial and material" evidence, courts generally interpret the requirement as "something less than a preponderance of the evidence, but more than a scintilla or glimmer." *Wayne County v. Tennessee Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 280 (Tenn. Ct. App. 1988)(citations omitted).

T.C.A. § 67-5-1509 provides additional guidelines for determining if there was a factual basis for the Board's actions in this matter. That statute provides, in relevant part:

> (a) *Upon its consideration of reports made to it, together with the evidence submitted therewith or other information available*, the state board or the assessment appeals commission, if such has been created by the state board under § 67-5-1502, shall take whatever steps it deems are necessary to effect the assessment of property in accordance with the constitution of Tennessee and the laws of this state. The board shall by order or rule direct that commercial and industrial tangible personal property assessments be equalized using the appraisal ratios adopted by the board in each jurisdiction. Such equalization shall be available only to taxpayers who have filed the reporting schedule required by law.

T.C.A. § 67-5-1509(a) (1998)(emphasis added).

While this Court may consider evidence in the record that detracts from its weight, the court is not allowed to substitute its judgment for that of the agency concerning the weight of the evidence. *See* T.C.A. § 4-5-322(h) (1998), ***McClellen v. Board of Regents of State University***, 921 S.W.2d 684, 693 (Tenn. 1996); ***Pace v. Garbage Disposal Dist.,*** 390 S.W.2d 461, 463 (Tenn. Ct. App. 1965). The evidence before the tribunal must be such relevant evidence as a reasonable mind might accept as adequate to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration. ***See Pace***, 390 S.W.2d at 463.

Finally, we note that, although an agency is required to consider evidence admissible in a court of law, agencies are not limited to such evidence. *See* T.C.A. § 4-5-313(1) (1998). T.C.A. § 4-5-313 provides, in part:

### § 4-5-313. Evidence; affidavits; notice

In contested cases:

(1) The agency shall admit and give probative effect to evidence admissible in a court, ***and when necessary to ascertain facts not reasonably susceptible to proof under the rules of court, evidence not admissible thereunder may be admitted if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs.*** The agency shall give effect to the rules of privilege recognized by law and to agency statutes protecting the confidentiality of certain records and shall exclude evidence which in its judgment is irrelevant, immaterial or unduly repetitious.

(emphasis added).

Based upon the above legal authorities, we find that the Board's action was supported by substantial and material evidence. We believe both the BellSouth Settlement and the settlement entered in federal court between the Board and the railroad and air carriers constitute evidence upon which the Board could properly decide that the 15% reduction in personal property assessments was necessary. Either settlement agreement qualifies under the language of T.C.A. § 67-5-1509 as "information" the Board was permitted to consider in "justly and equitably" equalizing assessments. *See* T.C.A. 67-5-1509(a), (b).

We hold, therefore, that the Board's action in reducing certain public utility personal property assessments for the tax year 1998 did cause the ratio of such property's appraised value to its fair market value to be equal to the ratio for tangible personal property within each local jurisdiction that is appraised and assessed by local taxing authorities.

Additionally, we note that in this Court's original opinion we pointed out, concerning the BellSouth Settlement, that the petitioners herein, Metropolitan Government of Nashville and Davidson County, Shelby County, and Williamson County, along with the intervenors:

> joined in a compromise and settlement agreement with BellSouth in which BellSouth would dismiss its tax appeals for the 1994, 1995, and 1996 tax years but would be granted a fifteen percent reduction in the valuation of its personal property for tax years 1997 and 1998. The comptroller on behalf of the Board joined in the agreement and further agreed to conduct a declaratory proceeding to receive evidence on whether the locally assessed commercial and industrial personal property is being valued at full market value by virtue of the use of the form prescribed in T.C.A. § 67-5-903 (f).

*In Re: All Assessments*, C.A. No. 01A01-9812-BC-00642, slip op. at 4 (Tenn. Ct. App. Aug. 20, 1999). While not a part of the record in this case, we believe the result of the declaratory proceeding reinforces the board's action. The final decision and order in the declaratory proceeding before the Tennessee State Board of Equalization affirmed the initial order of the administrative judge and ruled "that Tenn. Code Ann. §67-5-903 undervalues locally assessed commercial and industrial tangible personal property by a factor of 11.6% for property in reportable Group 1 and by 16.6% in reportable Group 5."

Accordingly, the order of the Board of Equalization allowing a 15% reduction in the valuations of tangible personal property for the 1998 tax year is affirmed. The case is remanded to the Board for such further proceedings as may be necessary. Costs of the appeal are assessed against Petitioners.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.