# FILED

October 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

_____

**ANDREW GLUCK,**

    Petitioner-Appellant,

                                 Chancery Court Case No. 97-1687-II

Vs.                                  C.A. No. 01A01-9901-CH-00031

**CIVIL SERVICE COMMISSION,**

    Respondent-Appellee.

_____

FROM THE DAVIDSON COUNTY CHANCERY COURT
THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

R. Stephen Doughty;
Weed, Hubbard, Berry & Doughty of Nashville
For Appellant

James L. Murphy, III, Director of Law
William Michael Safley, Metropolitan Attorney
Francis H. Young, Metropolitan Attorney
The Department of Law of the Metropolitan
Govenrment of Nashville and Davidson County
for Appellee

*AFFIRMED*

Opinion filed:

**W. FRANK CRAWFORD, JUDGE**

**CONCUR:**

**WILLIAM B. CAIN, JUDGE**

**PATRICIA J. COTTRELL, JUDGE**

Petitioner/Appellant, Andrew Gluck, appeals the order of the chancery court affirming the decision of the Civil Service Commission (the Commission) relating to his demotion.

Metropolitan Police Chief Emmett H. Turner issued a memo dated June 27, 1996, charging Gluck with several violations of both the Metropolitan Police Department Rules and Regulations and Rules of the Civil Service Commission.[1] The Police Disciplinary Board found that Gluck was guilty of violating several of the charges and recommended that he be demoted from Sergeant to Police Officer II.

Gluck appealed the demotion to the Commission. The charges, contained in the Amended Charges and Specifications, include the following violations of the Department Rules and Regulations and Rules of the Commission:

### Department Rules and Regulations

General Order 94-8, Authority and Direction
Section V, Unity of Command E - Command protocol in situations involving personnel of different departmental subdivisions engaged in a single operation will be as follows:  1 - Command structure will always follow the chain of command.

General Order 94-11
Section VII, Official Obligations
B - Instructions from Authoritative Source
1 - Employees of the department shall promptly and fully obey all lawful instructions issued by any authoritative source.

General Order 95-19, Deportment and Discipline
Section VI, Personal Behavior
L - Defamation
Employees shall not unjustly criticize, ridicule, or otherwise defame any person or any agency of the Metropolitan Government.

General Order 95-19, Deportment and Discipline
Section VII, Official Obligations
H - Devoting Entire Time to Duty
During their period of duty, employees shall devote their entire time and effort to their duties. Employees shall not conduct personal business, sleep on duty, or cease to perform their duties before the end of the work period, except with prior approval from their immediate supervisor.

**Rules of the Civil Service Commission**

Chapter 6, Section 7, Grounds for Disciplinary Action
3. Insubordination toward the supervisor.
4. Absence without notification or approval for leave.
5. Neglect or disobedience to the lawful and reasonable order given by a supervisor.
11. Violation of any written rules policies or procedures of the department in which the employee is employed.
12. Violation of any of the rules or regulations of the Metropolitan Civil Service Commission.
18. Neglect or failure of any employee to properly and promptly make reports or furnish information specifically required by the Civil Service Commission.
33. Any failure of good behavior which reflects discredit upon himself, the department and or the Metropolitan Government.

After a hearing, Administrative Law Judge James Hornsby issued an Initial Order upholding Gluck's demotion. Gluck petitioned for reconsideration of the Initial Order and it was upheld by the Civil Service Commission on March 21, 1997. Gluck filed a petition for judicial review and the trial court affirmed the Commission's decision.

Gluck appeals the order of the trial court and the issues for our review are: (1) whether the trial court erred in ruling that the Civil Service Commissions' final order was supported by substantial and material evidence, (2) whether the decision to demote the appellant was arbitrary and an abuse of discretion, and (3) whether Appellant was given notice of all charges against him in compliance with the rules of the Metro Civil Service Commission and in accord with the due process clause of the 14th Amendment.

A review of the administrative record reveals the following pertinent facts leading to Gluck's demotion: Andrew Gluck was hired by the Police Department of Metropolitan Nashville and Davidson County, Tennessee (the Department) in 1977. In 1991, Gluck was promoted from police officer II to sergeant. In April of 1995, Gluck was assigned to Prisoner

Processing under the supervision of Lieutenant Freddie Stromatt. In early October of 1995, Gluck went to Captain Tommy Cox to discuss an injury-on-duty (IOD) matter. Captain Cox told Gluck that he should follow the chain of command and contact Lieutenant Stromatt regarding the matter. On October 27, 1995 Lieutenant Stromatt sent Gluck a memo instructing him to complete MPD Form 362 and return it to him, but instead Gluck returned the form to Captain Cox.

While in prisoner processing Gluck made inappropriate and derogatory remarks about police administration officials. Officer Henry Perry testified before the ALJ that Gluck made specific derogatory comments about Major Dollarhide and the police department in general.

Andrew Gluck was assigned to the tow in lot on February 1, 1996. Sergeant Oscar H. Claybrook, Gluck's supervisor, issued a memo to Gluck instructing him to contact Sergeant Claybrook at anytime if Gluck needed to leave work. Gluck signed the memo. On March 16, 1996 Gluck reported to the lot at 10:30 PM, but left at 1:37 AM on March 17, 1996, without notifying Claybrook. Gluck signed and submitted a daily worksheet for the entire shift.

We will consider the first two issues together. Appellant argues that the Civil Service Commissions' decision was not supported by substantial and material evidence and that the decision was both arbitrary and an abuse of discretion. The chancellor's review of the Commission's decision is governed by T.C.A. § 4-5-322(h) (1998), which sets forth the standard of review on appeal of administrative proceedings as follows:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

The scope of review in this Court is the same as in the trial court, to review findings of fact of the administrative agency upon the standard of substantial and material evidence. *DePriest v. Puett*, 669 S.W.2d 669 (Tenn. App. 1984). Although what amounts to "substantial and material" evidence provided for in T.C.A. § 4-5-322 (a) is not clearly defined. It is generally understood that "it requires something less than a preponderance of the evidence, (citations omitted) but more than a scintilla or glimmer." *Wayne County v. Tennessee Solid Waste Disposal Control Bd.,* 756 S.W.2d 274, 280 (1988).

While this Court may consider evidence in the record that detracts from its weight, the court is not allowed to substitute its judgment for that of the agency concerning the weight of the evidence. T.C.A. § 4-5-322(h), *Pace v. Garbage Disposal Dist.*, 54 Tenn. App. 263, 266, 390 S.W.2d 461, 463 (1965). The evidence before the tribunal must be such relevant evidence as a reasonable mind might accept as adequate to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration. *Pace*, 54 Tenn. App. at 267, 390 S.W.2d at 463.

Under the narrow scope of review set out in T.C.A. § 4-5-322(b), we find that the trial court correctly upheld the Commission's decision to demote Gluck. There is substantial and material evidence that Gluck left his duty station without permission, failed to follow the chain of command and made derogatory remarks to his subordinates concerning high ranking officers in the police department. Based on the evidence before the ALJ we can not find that the decision to demote Gluck was arbitrary or an abuse of discretion.

In his brief, Appellant does not address the charges that he failed to work his entire shift, failed to follow appropriate procedures to leave work and falsified his time sheet. The record is undisputed regarding these charges and Gluck was appropriately found to have violated them. Further, the record supports the findings that Gluck failed to follow the chain of command and that he made defamatory statements about police administration officials. Captain Cox and Lieutenant Stromatt testified before the ALJ that Gluck was instructed on several occasions to deal with Lieutenant Stromatt on matters involving his leave time and IOD status and that Gluck continued to bypass Stromatt in the chain of command and go directly to Captain Cox. Officer Henry Perry testified with specificity that he heard Gluck make defamatory remarks about police administration officials.

Gluck argues that the punishment he received was too severe for the violations charged and that no other officer has been demoted for violations such as his. Gluck, however, overlooks that he was being charged with a multitude of violations based on three separate occurrences. Further, supervisors have discretion on how to discipline an employee. This court recognized in *Tennessee Dep't of Human Servs. v. Tennessee Civil Serv. Comm'n*, No. 01A01-9504-CH-00143, 1995 WL 581086, * at 4 (Tenn. App. Oct. 5, 1995) that more severe discipline is appropriate when a lesser disciplinary action will not end the disciplinary problem. Gluck had previously been suspended twice for failing to obey direct orders and once for criticizing a superior officer. In the instant case, prior attempts at discipline had failed and demotion was an appropriate punishment for Gluck's violations.

As to the third issue, Appellant asserts the he was not provided adequate notice of the charges made against him and therefore was denied due process. Specifically, appellant claims that the he was not notified of any violation concerning profanity or indecent language, General Order 95-19, Section VI.F, but that the Commission found him guilty of such.

T.C.A. § 8-30-331(b)(1) provides:

8-30-331. Minimum due process.--

* * *

(b) Minimum due process consists of the following:

(1) The employee shall be notified of the charges. Such notification should be in writing and shall detail times, places, and other pertinent facts concerning the charges.

Basic due process requires "notice reasonably calculated under all the circumstances, to apprise interested parties" of the claims of the opposing parties. *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314, 70 S.Ct. 652, 657 94 L.Ed. 865 (1950). The purpose of due process requirements is to notify the individual in advance in order to allow adequate preparation and reduce surprise. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14, 98 S.Ct. 1554, 1562-63, 56 L.E.2d 30 (1978).

Gluck was first notified of the charge involving derogatory remarks in the letter from Chief Turner dated June 27, 1996. The Amended Charges and Specifications also provide notice of the charges and state:

### Specifications

***

2. Andrew Gluck continuously made remarks about police administration officials. He admitted that he made accusations that Major Carl Dollarhide has lied in the past. Mr. Gluck allegedly stated that Major Dollarhide had asked him not to cite certain people (for false alarms), and Mr. Gluck stated that when he brought it to Major Dollarhide's attention that this was wrong, Andrew Gluck was transferred to Prisoner Processing. Andrew Gluck was quoted as stating that Chief Russell and Major Dollarhide conducted business related to an extra jobs while on duty.

Gluck argues that during the hearing before the ALJ, Officer Henry Perry attributed remarks to Gluck other than those listed in the complaint and that the charges should have been limited to the specific statements set out in the complaint. The Complaint cites specific statements made by Gluck, however, it also states that Gluck continuously made remarks about police administration officials. Even though Appellant was not provided with the specific remarks testified to by Officer Perry, he knew from the Turner letter and the

Amended Charges and Specifications that the remarks were derogatory and that they were about Major Dollarhide and Chief Russell. We find that the charges were sufficient to apprise Gluck of the claims against him.

The Commission made the following conclusions of law:

\* \* \*

7. General Order 95-19, Section VI.F., provides that " Employees shall not use indecent or profane language or gestures in the performance of their duties" and at Section VI.L. it provides that "Employees shall not unjustly criticize, ridicule, or otherwise defame any person or any agency of the Metropolitan Government."

8. By making profane and derogatory remarks about his superior officers to persons he was supervising, the Respondent violated General Order 95-19. The poor example set for subordinates by the Respondent's conduct and the erosion of authority which such conduct would likely cause are obviously Again, whatever difficulties the Respondent had with his superiors, there are proper procedures for resolving those difficulties, and the Respondent did not use the proper procedures.

Based on Officer Perry's testimony, the Commission found that "By making profane **and** derogatory remarks about his superior officers to persons he was supervising, the Respondent violated General Order 95-19." (emphasis added). Gluck argues that his due process rights were violated because he was not charged with section VI.F, but was found guilty of such violation. We disagree. The Commission found Gluck guilty of violating General Order 95-19 as a whole and set forth two reasons for their decision. It is true that Gluck was not charged with violating section VI.F, but even if we chose to eliminate that section as a chargeable violation, the charge under Section VI.L still stands. We find that the comments testified to by Officer Perry were derogatory under General Order 95-19, Section VI.L as charged. The fact that the comments also contained profanity probably prompted the Commission to include Section VI. F. and we refuse to set aside the judgment simply because the derogatory statements also contained profanity.

The order of the trial court is affirmed. Costs of appeal are assessed against the

appellant.

_____

                                    **W. FRANK CRAWFORD,**
                                    **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**WILLIAM B. CAIN, JUDGE**

_____
**PATRICIA J. COTTRELL, JUDGE**