IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 16, 2003 Session

## ANTOINE LAMARR v. CITY OF MEMPHIS, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-01-1967-2     Floyd Peete, Jr., Chancellor

No. W2002-02087-COA-R3-CV - Filed February 27, 2004

This appeal arises from the lower court's reversal of the decision of the Memphis Civil Service Commission. The Memphis Police Department dismissed Plaintiff following a single-vehicle automobile accident, in which alcohol use was suspected. Plaintiff appealed the decision to the Civil Service Commission, who affirmed the dismissal. Plaintiff then filed a petition, which was granted, for judicial review of the administrative agency's decision. The lower court reversed and remanded, finding that there was insufficient evidence before the commission to determine whether notice of the police department's new zero tolerance policy for DUIs had been properly communicated to all officers. For the following reasons, we reverse the holding of the lower court and affirm the decision of the Memphis Civil Service Commission.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S.,joined and HOLLY M. KIRBY, J., concurred separately.

Robert L. J. Spence, Jr., City Attorney, Jack L. Payne, Jr., Assistant City Attorney, Memphis, TN, for Appellants

Thomas E. Hansom, Debra L. Fessenden, Memphis, TN, for Appellee

**OPINION**

**Facts and Procedural History**

On the night of July 13, 2000, Antoine LaMarr ("Plaintiff"), an officer with the Memphis Police Department, was involved in an alcohol-related single vehicle accident while off-duty. Officers responding to the scene observed Plaintiff to be unsteady on his feet, with bloodshot eyes, slurred speech, and breath that smelled of alcohol. Plaintiff refused to submit to a field sobriety test or a blood alcohol content test, leading to his arrest and charges of driving under the influence of

intoxicants (DUI), refusal to submit to a blood alcohol content ("BAC") test, reckless driving, and public intoxication. On July 21, 2000, the Memphis Police Department administratively charged Plaintiff with violating D.R. 104, a department regulation that states, in relevant part:

> The conduct of each member [of the Memphis Police Department], both on and off duty, is expected to be such that it will not reflect adversely on other members, the Department, the City of Memphis or the law enforcement profession. This regulation applies to both the professional and private conduct of all members and prohibits any and all conduct . . . which would reflect adversely upon the department or its members. It includes not only all unlawful acts by members, but also acts which, although not unlawful in themselves, would violate the law enforcement code of ethics and degrade . . . the department.

After conducting a disciplinary hearing on August 16, 2000, the Memphis Police Department terminated Plaintiff for violating D.R. 104 by engaging in conduct unbecoming an officer.

Plaintiff appealed his termination the following day to the City of Memphis Civil Service Commission ("Commission"). On March 1, 2001, while the appeal to the Commission was still pending, Plaintiff pled guilty to the charge of reckless driving. The Commission then conducted a hearing on July 27, 2001 to review Plaintiff's discharge. At this hearing, Plaintiff argued that he was treated differently than other officers who had previously been involved in alcohol-related accidents. Plaintiff cited numerous officers who, under similar circumstances, had received suspensions or fines rather than being terminated. The department argued that these previous incidents were inapposite, because they occurred prior to the department's new zero tolerance policy for alcohol-related offenses, which was instituted by the Interim Director, Walter Crews ("Mr. Crews"), in the weeks prior to his appointment as permanent Director on July 15, 2000. Plaintiff, in turn, maintained that the new policy was not adequately communicated and could not be relied upon to support his termination. After considering the foregoing arguments, the Commission upheld Plaintiff's termination, finding that the Memphis Police Department had a reasonable basis for the action taken. Specifically, the Commission found that there was evidence that the department's new zero tolerance policy for alcohol-related incidents had been properly communicated and implemented throughout the department.

Plaintiff then appealed the Commission's decision to the Shelby County Chancery Court through a Petition for Writ of Certiorari. The matter was heard on April 3, 2002, after which the lower court determined that the Petition was well founded. The lower court found that the Commission acted arbitrarily in upholding Plaintiff's termination because there was insufficient evidence before the Commission to determine whether the new zero tolerance policy had been properly communicated and enforced. Accordingly, the lower court remanded to the Civil Service Commission for further findings regarding the Memphis Police Department's communication and implementation of the zero tolerance policy. The City of Memphis ("City") then timely filed the instant appeal, challenging the ruling of the lower court.

## Issue on Appeal

The City raises one issue for our consideration:

Whether the lower court erred in determining that the record before the Commission did not contain substantial and material evidence to support its affirmation of Officer LaMarr's termination.

## Standard of Review

The chancellor's review of the Commission's ruling was governed by Tenn. Code Ann. § 4-5-322(h) (2003), which states:

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

*Gluck v. Civil Serv. Comm'n*, 15 S.W.3d 486, 489-90 (Tenn. Ct. App. 2000). The lower court reversed and remanded on the basis of subsection (5) of this statute. It found that the Commission's findings were not supported by substantial and material evidence, which rendered the agency's judgment arbitrary or capricious.

Our scope of review is the same as that of the trial court. *Id*. at 490 (citing *DePriest v. Puett*, 669 S.W.2d 669 (Tenn. Ct. App. 1984)). Accordingly, we shall review the factual issues in this case under a standard of substantial and material evidence. *Id*. Substantial and material evidence is generally understood to require "something less than a preponderance of the evidence, but more than a scintilla or glimmer." *Id*. (quoting *Wayne County v. Tenn. Solid Wasted Disposal Control Bd.*, 756 S.W.2d 274, 280 (Tenn. Ct. App. 1988)). Our Supreme Court has held that "substantial and

material evidence is 'such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration.'" *Clay County Manor, Inc. v. State Dept. of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993) (quoting *S. Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)).

## Law and Analysis

Using the narrow scope of review set forth in Tenn. Code Ann. § 4-5-322(h), we find that the lower court erred in reversing the ruling of the Commission and remanding for further proceedings. The evidence indicates that Mr. Crews was not officially installed as the permanent Director of the Memphis Police Department until July 15, 2000, two days after Plaintiff's single-vehicle accident. However, Deputy Chief A.L. Gray testified that Mr. Crews had communicated his intended policy initiatives in the weeks and months beforehand, at which time Mr. Crews was serving as the Interim Director. Deputy Chief Gray testified that Mr. Crews issued a letter of expectation throughout the department alerting each officer of the higher standard of conduct that would be expected. Mr. Gray further testified that Mr. Crews had meetings with command staff personnel and precinct commanders prior to July 13, 2000 to ensure that the new standards, including the zero tolerance policy for alcohol-related offenses, were known throughout the department. Finally, Deputy Chief Gray testified that a newsletter was posted on each precinct bulletin board that gave additional notice of the intended policies of Mr. Crews. We find that the foregoing testimony constitutes substantial and material evidence upon which the Commission could, in its discretion, base its determination that the zero tolerance policy was properly communicated and implemented throughout the department.

## Conclusion

For the foregoing reasons, we reverse the judgment of the trial court and reinstate the decision of the Memphis Civil Service Commission. Costs of this appeal are taxed to the Appellee, Antoine LaMarr, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE