IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 18, 2006 Session

## JOHN ROBERTS v. DONALD BLEVINS, ET AL.

**Appeal from the Chancery Court for Hardin County**
**No. 6018      Ron E. Harmon, Chancellor**

_____

### No. W2005-01906-COA-R3-CV - Filed May 15, 2006

_____

The Chief Deputy Sheriff was dismissed by the Sheriff of Hardin County.  As Chief Deputy he was not a member of the classified service and served at the pleasure of the Sheriff.  The judgment finding otherwise is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

WILLIAM H. INMAN, SP. J., delivered the opinion of the court, in which ALAN E. HIGHERS and DAVID R. FARMER, J.J., joined.

Curtis F. Hopper, Savannah, Tennessee, attorney for appellants, Donald Blevins, Bobby Long and Danny Wells, in their capacity as the members of the Hardin County Civil Service Board.

Terry Abernathy, Selmer, Tennessee, attorney for appellee John R. Roberts.

### OPINION

By a letter, dated June 20, 2002, the Civil Service Board of Hardin County Sheriff's Department found that the Plaintiff "applied [for], accepted, and held the position of Chief Deputy until he was terminated," and that the position of Chief Deputy is not "covered by the Civil Service of the Hardin County Sheriff's Department."

On July 17, 2002 the Plaintiff filed a petition for the writ of certiorari in the Chancery Court of Hardin County seeking judicial review of the determination of the Civil Service Board that he was not covered by the Civil Service of the Hardin County Sheriff's Department, alleging that the determination was erroneous and contrary to the findings and Order of the Circuit Court of Hardin County, and that his termination as a "career employee" was arbitrary and capricious.  He further alleged that he has been thwarted in his efforts to have a hearing before the Board "on the merits."[1]

_____

[1] The response of the Board is not in the record.

The allegation that the Board's decision was "contrary to and contemptuous of" the Orders of the Circuit Court arose in this fashion. The Plaintiff was employed by the Sheriff of Hardin County as Chief Deputy in 1987 and served in that capacity until he was terminated by Sheriff Alexander on May 21, 1999. As nearly as may be gleaned from the record, when Sheriff Alexander was elected, the Plaintiff continued to be Chief Deputy, although the Sheriff designated him as 'Night Chief Deputy' but his authority, pay, position, and public persona remained the same. Sheriff Alexander apparently assumed office on September 1, 1998, and terminated the Plaintiff of May 21, 1999, for assorted acts of dereliction of duties, some of which are hereinafter recounted.

The Plaintiff filed a complaint in the Circuit Court of Hardin County against Sheriff Alexander and Hardin County on November 29, 1999, alleging that he was terminated without cause on April 30, 1999, in contravention of the Civil Service Rules and Regulations, and that the Defendants "failed to honor his request for a hearing."[2]

The Circuit Court action resulted in a series of 'findings' and orders. On March 1, 2002, the court found that the Plaintiff was appointed Chief Deputy Sheriff "under the term of the movent's (sic) successor[3] but was demoted to deputy when the movant [Sheriff Alexander] appointed his own chief deputy, or alternatively, changed the Plaintiff's duties from that of a chief deputy." The court further found that "this matter should properly be put before the Hardin County Civil Service Board." Also on March 1, 2002 by separate Orders, the Circuit Court dismissed Defendant Alexander in his individual capacity from the case and denied the "motion of the defendant for summary judgment," finding that the "law contemplates that the position of Chief Deputy Sheriff shall be filled by a single person." The motion of Sheriff Alexander and Hardin County for summary judgement was denied. So far as the record indicates, no further proceedings were had in the Circuit Court.

The certiorari action in Chancery was heard on March 2, 2004 on the record made before the Civil Service Board. The Chancellor disagreed with the Board's determination that the Plaintiff was the chief deputy and therefore not a member of the classified service and unprotected by civil service and, moreover, that the "Hardin County Sheriff's Department" is "judicially and/or collaterally estopped" from asserting any position to the contrary in light of the findings and orders of the Circuit Court. The Chancellor further found "that there is neither substantial nor material evidence to support the decision of the Hardin County Sheriff to fire or terminate the employment of the

---

[2] The record does not reveal the nature of any hearing the Sheriff or Hardin County was authorized or required to conduct.

[3] The Plaintiff was appointed Chief Deputy by Sheriff Alexander's [movant] predecessor, not his successor.

Plaintiff," and ordered the Plaintiff reinstated to the employment that he held with the Hardin County Sheriff's Department at the time of his discharge[4] on April 30, 1999, with full back pay.[5]

At this juncture, and parenthetically, we note that the sole Defendants are the three members of the Civil Service Board. To stress the point, the County is not a party to this action, and the members of the Board obviously cannot be onerated with liability for back wages, inter alia.

The Defendants, who are, as stated, the members of the Civil Service Board, appeal and present for review the issues of (1) whether the trial court erred in finding that the Plaintiff was a member of the classified service; (2) whether the court erred in finding that the Civil Service Board was judicially and/or collaterally estopped from asserting that the Plaintiff was not a member of the classified service; and (3) whether the Board's decision was arbitrary and capricious.

Analysis

We will not dwell on the procedural aspects of this litigation. With respect to the first and dispositive issue, the evidence is abundantly clear that the Plaintiff was employed initially as a Chief Deputy, a position he retained until he was terminated. As Chief Deputy he served at the whim of the Sheriff, and was admittedly unprotected by civil service. This point need not be labored.

The second issue concerns the somewhat strange action in the Circuit Court. The Civil Service Board Members were not parties in the Circuit Court action and we do not see how they may be estopped as found. Be that as it may, the Circuit Court remanded the entire case to the Board for 'appropriate action.'

Finally, we agree with the Appellant Board that there is material and substantial evidence to support the action of the Sheriff in terminating the Plaintiff, assuming that this issue is relevant. Sheriff Alexander testified that the Plaintiff refused to communicate with him or the deputies, never served warrants or conducted an investigation, propagated rumors that the Sheriff embezzled drug funds, absented himself from the job, and other acts of dereliction of duty. It cannot be said that the termination of the Plaintiff was capricious. See, *Gluck v. Civil Service Commission*, 15 S.W.3d 486 (Tenn. Ct. App. 1999).

The judgment is accordingly vacated and the action is dismissed at the costs of the Appellee.

_____
WILLIAM H. INMAN, SPECIAL JUDGE

---

[4] The court made no determination of the precise position to which the Plaintiff should be reinstated.

[5] By order of reference to a Master, back pay was in excess of $150,000.00