IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2025 Session

## BRIAN S. WAGGONER, M.D. v. TENNESSEE BOARD OF MEDICAL EXAMINERS

**Appeal from the Chancery Court for Putnam County**
**No. 2022-187      Ronald Thurman, Chancellor**

_____

### No. M2024-01850-COA-R3-CV
_____

A physician disciplined by the Tennessee Board of Medical Examiners challenges the reasonableness and necessity of the costs assessed against him. We find substantial and material evidence to support the cost assessment and affirm the chancery court's decision affirming the Board's final order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

Thomas Anderton Wiseman, III, Nashville, Tennessee, for the appellant, Brian S. Waggoner.

Jonathan Skrmetti, Attorney General and Reporter, Sara E. Sedgwick, Senior Assistant Attorney General, and Ryan Gallagher, Assistant Attorney General, for the appellee, Tennessee Board of Medical Examiners.

## OPINION

Dr. Brian Waggoner, an internist who practices in Cookeville, was disciplined by the Tennessee Board of Medical Examiners ("the Board") in a final order entered on March 1, 2019. Based upon the evidence, the Board found that Dr. Waggoner's treatment of patients was below the standard of care for prescribing controlled substances. The Board concluded that the facts, as found in its order, established several violations of the Medical Practice Act and its enabling regulations and constituted grounds for discipline. The disciplinary measures imposed by the Board included probationary status for at least three years; a practice monitoring agreement and the use of a practice monitor; additional training in appropriate prescribing of controlled substances and medical record-keeping;

and a clinical competence evaluation. Further, the Board imposed civil penalties totaling $7,000 and assessed Dr. Waggoner for the actual and reasonable costs of the investigation and prosecution, not to exceed $100,000.00.

On March 28, 2019, the Department of Health submitted its Final Assessment of Costs, stating that it had incurred the following costs:

| | |
|---|---|
| Administrative Procedures Division | $9,390.00 |
| Bureau of Investigation | 1,771.90 |
| Office of General Counsel Expenses | 39,728.70 |
| Time—807.95 hours | 46,847.45 |
| Total | $97,738.05 |

Dr. Waggoner filed a petition for judicial review of the Board's decision challenging only the assessment of costs. In a decision entered in December 2021, the chancery court ruled that the Department had presented no proof to establish the reasonableness of its expenses or attorney fees. The court specifically noted:

> There is no evidence in the record which delineate[s] the hourly rate for attorneys fees, whether the expenses were incurred by staff personnel, paralegals, or attorneys. The ALJ simply deferred [its] ruling on expenses [and] attorneys fees and costs to the Department's attorney. The ALJ's failure to make findings of facts and conclusions of law on this issue requires a reversal of the ALJ's ruling. As such, the ALJ's ruling awarding the Department's attorneys fees and costs are clearly in violation of TCA § 4-5-322(h)(4-5).

The court reversed the Board's "ruling on the award of expenses to the Department and remand[ed] the matter to determine the reasonableness and necessity of the attorney fees and expenses incurred by the Department in prosecuting this case." On remand, the Board held a hearing to consider additional evidence and entered an order on September 28, 2022, concluding that the amount assessed represented the reasonable and necessary costs of the disciplinary matter against Dr. Waggoner.

Dr. Waggoner filed a second petition for judicial review, the petition at issue in this appeal, on November 28, 2022. The petition includes numerous assertions of wrongdoing by the Board and the administrative law judge, including the claim that, on remand, "the Panel's findings were unsupported by evidence that is both substantial and material in the light of the entire record." Dr. Waggoner further asserted that the Department and/or the Board had denied him procedural due process; that Tenn. Code Ann. § 63-1-144 was unconstitutional; that the Board's policy on the assessment of costs was arbitrary and capricious, a denial of due process, and in violation of state law; and that the entire process for assessing costs was "arbitrary and capricious, an abuse of power by the administrative

- 2 -

state, and an unconstitutional violation of [the] right to procedural and substantive due process under the State and Federal Constitutions." The petition requested reversal and dismissal of the Board's order assessing costs and fees; a declaratory order that the Department and Board "implementation of T.C.A. § 63-1-144 is unconstitutional and a violation of the Administrative Procedures Act"; and a period for discovery to expose "the arbitrary and capricious manner in which the BME selects and prosecutes practitioners, disparately treats similarly situated practitioners, and engages in unlawful takings and assessment of fees for improper purposes."

The Board filed a motion for partial dismissal of Dr. Waggoner's second petition for judicial review for lack of subject matter jurisdiction. The Board argued that the petition improperly raised "new claims, including an as-applied challenge to Tenn. Code Ann. § 63-1-144, which were not raised below"; that the as-applied challenge requested a declaratory judgment, which was an original action that could not properly be combined with a petition for judicial review; and that the petition improperly sought discovery because judicial review of the Board's action was limited to the record. The Board sought dismissal of the new claims and a denial of further discovery. The trial court granted the Board's motion in an order entered in August 2023.

The chancery court entered its decision on the remaining claims in the second petition for review on May 23, 2024. The court concluded that there was substantial and material evidence in the record to support the Board's September 28, 2022 final order. The chancery court thereafter granted Dr. Waggoner's motion for Rule 60 relief[1] from the judgment and reentered its final order on November 15, 2024. This appeal followed.

ISSUES ON APPEAL

Most of Dr. Waggoner's issue statements are framed as broad questions rather than being limited to the present case.[2] As the Board points out, this Court has the authority to

---

[1] Dr. Waggoner argued in his Rule 60 motion that he had not received proper service of the chancery court's May 23, 2024 order. The chancery court found that the clerk's service of the order was "technically correct," but granted the requested relief to allow Dr. Waggoner to present an appeal on the merits.

[2] Dr. Waggoner's statement of the issues lists the following issues:

1. After a contested case hearing, does Tennessee law require an administrative agency such as the Board of Medical Examiners to receive evidence, engage in a deliberative process and weigh factors specific to a particular case before assessing reasonable costs, including attorney fees, against a party?
2. If a fact-finding and deliberative process is required, should those factors include the criteria already established under Tennessee law for the consideration of an award of attorney fees?
3. When assessing costs and fees allowed by statute in an administrative hearing, should the fact finders who assess fees and costs be the same fact finders who attended the hearing

decide only "the questions that are presented by this case" and cannot issue advisory opinions. *Williams v. Smyrna Residential, LLC*, 685 S.W.3d 718, 730 (Tenn. 2024). The overarching issue in this case is whether the chancery court properly affirmed the Board's September 2022 final order. More specifically, this appeal presents the following issues:

1. Whether the administrative law judge correctly ruled that the Board panel members on remand were not required to be the same panel members who imposed the original discipline and cost limitation.
2. Whether the Board's assessment of costs was supported by substantial and material evidence, was consistent with Tennessee law, and complied with due process.

In the argument section of his brief, Dr. Waggoner argues that "the hearing panel's decision to assess costs up to $100,000 to Dr. Waggoner in its final order is unsupported by evidence that is substantial and material." This argument encompasses a challenge to part of the Board's final order, entered on March 1, 2019, imposing discipline and providing for an assessment of costs up to $100,000. Thus, the argument goes beyond the issue of whether the amount of costs actually assessed was appropriate. We note that Dr. Waggoner did not file a petition for reconsideration with the Board to challenge the cost limitation in its order. In his original petition for review, Dr. Waggoner challenged the cost assessment provision, but the only error addressed by the chancery court in its remand order was the reasonableness of the costs actually assessed by the Board. At the remand hearing, prior to the taking of any proof, the administrative law judge asked the parties to confirm her understanding that "this panel should not go back to re-determine the disciplinary terms given to Dr. Waggoner from the first proceedings" but that the Board could consider the disciplinary terms in its deliberations concerning the assessment of costs. Counsel for Dr. Waggoner responded: "I agree that it is not – this case was not remanded for a new finding about the disciplinary order so, yes, I do agree." We consider this statement to constitute a waiver of any challenge to the original disciplinary order.

Moreover, in his statement of the issues before this Court, Dr. Waggoner did not include the issue of the Board's original cost limitation. *See Justice v. Bd. of Prof. Resp.*, 693 S.W.3d 225, 253 (Tenn. 2024) (quoting *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012)) ("'[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with [Tennessee Rule of Appellate Procedure] 27(a)(4).'") And, the record on appeal does not include the administrative record from the initial contested case hearing. Thus, even if this Court were inclined to consider the cost

and imposed the penalty that provides the basis for the award of costs?

4. Should an administrative agency such as the Board of Medical Examiners employ objective standards for determining fees and costs to establish a record for review on appeal?

5. Was the process for determining and awarding costs and attorney fees in this case a violation of Tennessee law and a denial of due process?

- 4 -

limitation in the Board's March 2019 order, review would not be possible. We have determined that Dr. Waggoner waived this issue. Similarly, we decline to address arguments made by Dr. Waggoner in his statement of the facts but not included in his argument.

STANDARD OF REVIEW

Tennessee Code Annotated section 4-5-322(h) governs judicial review of decisions made by administrative agencies. *Wade v. Tenn. Dep't of Fin. & Admin.*, 487 S.W.3d 123, 126-27 (Tenn. Ct. App. 2015). The reviewing court may affirm the decision of the agency or remand the case for further proceedings. Tenn. Code Ann. § 4-5-322(h). This statute further provides that:

> The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5) (A) Unsupported by evidence that is both substantial and material in the light of the entire record.[3]

Tenn. Code Ann. § 4-5-322(h). When reviewing a trial court's examination of an administrative agency's decision, the appellate court must determine "'whether or not the trial court properly applied the . . . standard of review' found at Tennessee Code Annotated § 4-5-322(h)." *Jones v. Bureau of TennCare,* 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002) (quoting *Papachristou v. Univ. of Tenn.*, 29 S.W.3d 487, 490 (Tenn. Ct. App. 2000)).

ANALYSIS

1. Composition of panel on remand

Dr. Waggoner argues that the Board panel members assessing costs and fees on remand should have been the same panel members who imposed the discipline that formed the basis for the award of costs.[4] We respectfully disagree.

---

[3] When the disciplinary proceedings against Dr. Waggoner began, the new version of the statute, which provides for a "preponderance of the evidence" standard, had not taken effect. *See* Tenn. Code Ann. § 4-5-322(h)(5)(B) of the current statute.

[4] Although Dr. Waggoner did not present a sufficient argument on this issue in his appellate brief, this Court will address it and will not consider it waived. *See* TENN. R. APP. P. 13(b).

Dr. Waggoner raised this issue with the administrative law judge in a motion to dismiss. In his motion, Dr. Waggoner cited Tenn. Code Ann. § 63-1-144(a), which states, in pertinent part:

> In addition to any existing authority regarding the requirement to pay costs in disciplinary proceedings, when the division or any board, council or committee created pursuant to this title and/or title 68, chapters 24 and 29 and regulated under the authority of the department of health imposes sanctions on a license or certificate holder in any disciplinary contested case proceeding, the license or certificate holder *may, at the discretion of the division, board, council or committee before which the contested case proceeding was held be required to pay the actual and reasonable costs of the investigation and prosecution of the case*, which shall include, but not be limited to, the following:

(Emphasis added). Dr. Waggoner interprets the italicized language to mean that the same panel members who made up the Board panel at the original contested case disciplinary hearing must make the determination regarding the reasonableness of the attorney fees and expenses assessed. As Dr. Waggoner noted in his motion, the original panel members were "not available." In fact, by the time of the remand hearing, those Board members' terms had expired, in accordance with the relevant statute, Tenn. Code Ann. § 63-6-102(a)(1)(A) (providing that members of the Board are appointed for five-year terms). On that basis, Dr. Waggoner requested that the assessment of fees and costs be dismissed and vacated.

The administrative law judge denied Dr. Waggoner's motion to dismiss, noting that Dr. Waggoner cited no legal authority to support his interpretation of Tenn. Code Ann. § 63-1-144(a) or to support "dismissing an action that has been remanded, by a higher court, for findings of fact." As the administrative law judge stated, "The Board's panel members who will hear this matter hold the same authority to regulate the medical profession now that the 2019 Board panel held during its time." Further, the 2019 panel members "who are no longer on the Board cannot hear this matter because they no longer have authority to vote on matters before the Board." The Administrative Law Judge observed that Dr. Waggoner had not proposed "any alternative procedure to comply with the remand directive," which required a panel of the Board to hear evidence and determine the reasonableness of the fees and costs.

The administrative law judge also explained that the Board panel members at the hearing on costs would have access to the entire record from the disciplinary proceedings and that, prior to the Board's deliberations, the parties would present evidence and arguments in support of their positions. Thus, "the panel members will be given all of the information (unless excluded by the undersigned) the parties wish to present in order for the panel members to be thoroughly educated and informed about the matter in front of them."

In his supplemental brief, Dr. Waggoner argues that it was not necessary for the new Board panel to hear the case on remand "because the alternative mechanism was to allow for a consideration of the assessment by the original panel, rather than creating a procedure that prevented the original panel from performing that function." The alternative Dr. Waggoner proposes conflicts with Tennessee law: the original panel members were no longer on the Board at the time of the remand hearing and could not legally participate in the hearing. Dr. Waggoner has waived any challenge to the constitutionality of the various statutes governing the selection of Board members and the process for trying contested cases on remand. The only matter before this Court is the decision of the panel on remand concerning the reasonableness of the attorney fees assessed by the Board.

## 2. Board's approval of cost assessment on remand

Dr. Waggoner argues that "[t]he Board of Medical Examiners denied Dr. Waggoner due process or fail[ed] to engage in any process before awarding 'reasonable costs.'" For the reasons discussed below, we have concluded that the Board's decision on remand complied with Tennessee law and procedural due process.

In its remand order, the trial court directed the Board to "determine the reasonableness and necessity of the attorney fees and expenses incurred by the Department in prosecuting this case." The Board held another hearing to consider the reasonableness and necessity of the cost assessment. In its final order, the Board made findings of fact, including the following:

> At the hearing on September 28, 2022, the Department submitted evidence supporting the Assessment of Costs, including a spreadsheet prepared by the Department's Office of General Counsel, invoices from the expert witness and court reporters retained in this matter, the Certifications of Costs from the Department's Bureau of Investigations and the Secretary of State's Administrative Procedures Division.

The Board concluded that the amount assessed, $97,738.05, "represents the reasonable and necessary costs of prosecuting this matter." In a petition for judicial review from this order, the chancery court found the Board's decision to be supported by substantial and material evidence, and we agree.

In his appeal, Dr. Waggoner asserts that the Board did not adequately consider the standards applicable to attorney fees set forth in Tenn. Sup. Ct. R. 8, RPC 1.5,[5] which the

---

[5] Rule 1.5 enumerates the following factors to consider in determining the reasonableness of attorney fees:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

- 7 -

chancery court had specifically emphasized in its decision remanding the case. As the chancery court discussed in its order affirming the Board's September 2022 final order, many of the factors in RPC 1.5 are not applicable to contested case proceedings before an administrative law judge. Factors that have no application in this context include the preclusion of other employment, the nature and length of the professional relationship, and the nature of the fee agreement. As to the factors emphasized by Dr. Waggoner—the amount involved and the results obtained—the record contains evidence that the Board did consider them. For example, one Board panel member commented on the seriousness of the discipline imposed on Dr. Waggoner. The same Board member also pointed out that Dr. Waggoner's attorney could have requested a screening panel, which might have expedited the process.

Dr. Waggoner focuses his argument on evidence that he believes "should have been considered in a hearing before the original Panel, that heard all the evidence." As an example, Dr. Waggoner quotes extensively from statements made by the administrative law judge during the original disciplinary hearing to the parties and their attorneys in which the judge expressed concern about the length and repetitiveness of some of the Board's questioning of Dr. Waggoner. Dr. Waggoner then states:

> The ALJ did not mince words in warning that the Department's prosecution was burdensome and oppressive and was veering into a problematic area for keeping Dr. Waggoner on the stand for too long. She emphasized the attorney was repetitive and dragging out these proceedings. The ALJ was forced to limit the time period the Department was allowed to continu[e] questioning Dr. Waggoner. The ALJ's own words make clear the Department's prosecution of its case was harassing to Dr. Waggoner and caused an obvious and unnecessary delay. Neither the Hearing Panel nor the Remand Panel considered this fact, a clearly relevant one to consider when evaluating "reasonable costs."

Dr. Waggoner believes that the case against him took too long and, therefore, the attorney fees and costs were not reasonable and necessary. Dr. Waggoner had the opportunity to

---

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent;
(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
(10) whether the fee agreement is in writing.

present this evidence, and any other evidence he felt supported his position, to the remand panel at the hearing on costs, where the entire record from the disciplinary proceedings was available.

As previously stated, our inquiry here is whether the Board's decision is supported by substantial and material evidence. This standard requires "'such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration.'" *Clay Cnty. Manor, Inc. v. State, Dep't of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993) (quoting *S. Ry. Co. v. State Bd. of Equalization,* 682 S.W.2d 196, 199 (Tenn.1984)). Substantial and material evidence has been described as a "'very low threshold,'" *Smith v. White*, 538 S.W.3d 1, 15 (Tenn. Ct. App. 2017) (quoting *Brown v. State*, No. E2004-01272-COA-R3-CV, 2004 WL 2715283, at *8 (Tenn. Ct. App. Nov. 3, 2004)), which requires "'more than a scintilla or glimmer'" of evidence but less than a preponderance of the evidence. *Jones*, 94 S.W.3d at 501 (quoting *Gluck v. Civ. Serv. Comm'n*, 15 S.W.3d 486, 490 (Tenn. Ct. App. 1999)).

We find no support for Dr. Waggoner's assertion that he was deprived of due process in these proceedings. There is no dispute that he was provided with notice and the opportunity to be heard, the bedrock requirements of procedural due process. *See Moncier v. Bd. of Prof. Resp.*, 406 S.W.3d 139, 153 (Tenn. 2013). The Department submitted extensive proof to document the costs, including the labor and time spent by paralegals and lawyers. The administrative record from the original contested case proceedings was available at the hearing, and Dr. Waggoner had the opportunity to highlight any evidence he felt was pertinent to the issue of the reasonableness and necessity of the costs assessed.

We agree with the chancery court's conclusion that the proof presented to the Board on remand "constituted substantial and material evidence in light of the entire record."

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Brian Waggoner, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE